UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY OWENS and SHELLEY OWENS,<br><br>Plaintiff,<br><br>v.<br><br>PRAIRIE STATE GENERATING COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 16-CV-10009<br><br>Plaintiff Requests Trial by Jury |

**COMPLAINT**

The Plaintiff, TIMOTHY OWENS and SHELLEY OWENS, by his attorney, Greg Roosevelt, for his Complaint against the Defendant, PRAIRIE STATE GENERATING COMPANY states as follows:

**Count I**

1. Timothy Owens and Shelley Owens are residents of O'Fallon, St. Clair County, Illinois.

2. Prairie State Generating Company is an Illinois corporation doing operating an electrical power generating plant in Washington County, Illinois and St. Clair County, Illinois.

3. The Plaintiff, Timothy Owens, was hired by the Defendant as Facilities Manager in December of 2012.

4. On September 23, 2014 the Plaintiff was placed on FMLA leave stemming from a serious medical condition after the death of his brother and serious illness of his son.

5. The Plaintiff was hospitalized on October 10, 2014 at Center Point Hospital in St. Charles, Missouri. The Plaintiff was not physically released until October 22, 2014 and was not cleared by his physician for return to work until November 1, 2014 and was continued then on FMLA leave until November 1, 2014.

6. During the Plaintiff's leave he was called by his manager, Mike Slade, who was the Defendant's Director of Procurement. Slade called the Plaintiff at the hospital asking questions regarding various issues that had arisen while Plaintiff was on medical leave. Slade also had supervisor, Steve Markus call the Plaintiff and also told Plaintiff his wife and family were being evicted or Plaintiff Tim Owens would lose his job.

7. The Plaintiff was ordered to attend an interview on October 28, 2014 at 3:00 p.m. at the Defendant's corporate headquarters. The Plaintiff objected in that he was still on leave but complied with the order. Present were Mike Slade and Rita Bauman, Director of Human Resources. Mike Slade and Rita Bauman interrogated Plaintiff about the theft of an elevator, alleged unpaid bills, status of houses owned by the Defendant on the plant grounds. Plaintiff was on FMLA Leave on the date of interrogation and unable to perform his work.

8. A second meeting was ordered for October 31, 2014 while the Plaintiff remained on FMLA leave. During that meeting the Plaintiff was questioned regarding issues that the Defendant claimed were pending. The Plaintiff stated that he was recovering from an illness and was still on Leave until November 1, 2014 but the questioning was still pursued in the meeting. The Defendant announced the discharge of Plaintiff on October 31, 2014 while Plaintiff was still on FMLA leave.

9. The discharge of Plaintiff was wrongful and retaliatory for his exercise of his rights under the FMLA Leave Act.

10. As a direct result, the Plaintiff has suffered profound emotional distress, lost wages, lost benefits, and incurred attorney's fees with the damages exceeding $300,000.

WHEREFORE, the Plaintiff requests judgment be entered against Defendant is an amount exceeding $300,000.

**Count II**
**Intentional Infliction of Emotional Distress**

The Plaintiff, TIMOTHY OWENS, realleges paragraphs 1 through 10 of Count I and for Count II further states:

11. The Defendant knew the Plaintiff was suffering a serious medical illness and was placed on medical leave by the Defendant and was hospitalized when the Defendant called the Plaintiff repeatedly demanding to question him, ordered him to corporate headquarters for questioning for two separate meetings while the Plaintiff continued to suffer a serious medical condition which the Defendant knew made him unable to perform his work and that he was in a weakened emotional and physical condition. The Defendant should reasonably have known that its actions in repeatedly contacting the Plaintiff and ordering the Plaintiff to meetings was improper and for an improper purpose and would reasonably be expected to cause the Plaintiff severe emotional distress. Further, the Defendant would reasonably have known that its decision to announce the discharge of Plaintiff while he was still on FMLA leave was improper, improperly motivated and would cause the Plaintiff severe emotional distress and upset.

12. The Plaintiff as a result has lost his employment, suffered profound emotional distress and upset and his damages exceed $100,000.

WHEREFORE, Plaintiff seeks damages against the Defendant in an amount exceeding $300,000.

**Count III**
**Retaliatory Eviction**

The Plaintiff, SHELLEY OWENS, for her Complaint against the Defendant, Prairie State Generating Company, states as follows:

The Plaintiff adopts paragraphs 1 through 10 of Count I, and paragraphs 11 and 12 of Count II, and for Count III further states:

13. The Plaintiff, Shelley Owens, resided with her husband at their residence at 4180 Clover Road. The residence was rented by the Defendant and the Plaintiffs moved to that residence on the 1st day of November, 2012.

14. On October 7, 2014 Shelley Owens, while her husband, Timothy Owens, was hospitalized with a serious medical condition was called by the Defendant and ordered to leave the residence and vacate it giving her nine days to be gone. The Plaintiff, Shelley Owens, protested and stated that she was unable to vacate the residence but the Defendant threatened to discharge Tim Owens if she did not move.

15. The Plaintiff then began packing and vacated the residence with the help of her father-in-law on October 18, 2014.

16. The Plaintiffs, as a result, suffered extreme emotional upset. Timothy Owens, in the hospital, was extremely upset to learn that his wife was being thrown out of their home by the Defendant while he was extremely ill and the Plaintiff, Shelley Owens, was extremely distraught over the fact that she had to vacate the residence when her husband was unable to help requiring her elderly father-in-law to assist in making the move.

17. As a direct and proximate result, the Plaintiffs suffered extreme emotional distress and upset and the Defendant reasonably should have known that its conduct was improper in evicting the Plaintiffs without proper notice and that their motive in the evicting the Plaintiffs was retaliatory for Plaintiff, Timothy Owens, having taken FMLA leave and particularly evicting the Plaintiff while he was hospitalized. The Plaintiff suffered extreme emotional distress and upset and expense in moving.

WHEREFORE, Plaintiff seeks damages against the Defendant in an amount exceeding $300,000.

**Count IV**
**Intentional Infliction of Emotional Distress**

The Plaintiff, SHELLEY OWENS, by her attorney, Greg Roosevelt, for her Complaint against the Defendant states as follows:

The Plaintiff realleges paragraphs 1 through 17 of the Complaint and further states:

18. The Defendant should reasonably have known by a direct result of its actions that it would cause extreme and profound emotional distress to the Plaintiff.

19. The Defendant knew that the Plaintiff was in a weakened emotional condition in that her husband was hospitalized with a serious medical illness, had suffered a life threatening illness and surgery and was recovery and the Plaintiff was responsible for his care.

20. The Defendant had total control over the Plaintiff and her living conditions. The Defendant threatened the Plaintiff stating that if she did not remove herself from the residence, where she had an expectation of living, within 9 days, that her husband would be fired.

21. The Plaintiff suffered extreme and profound emotional distress as a result as she struggled to remove her furnishings from the home, find other housing, care for her son, and her husband and keep her own job as an RN all caused such profound emotional distress that she could not perform in her workplace and was discharged causing even further harm emotionally and financially.

WHEREFORE, Plaintiff seeks damages against the Defendant in an amount exceeding $300,000.

**Count V**
**Consumer Fraud**

The Plaintiffs, TIMOTHY OWENS and SHELLEY OWENS, for their Complaint against the Defendant for consumer fraud states as follows:

The Plaintiffs reallege paragraphs 1 through 21 of the Complaint and further state:

22. The Plaintiffs had a right to expect that they would have a residence which was supplied by the Defendant and for which the Plaintiffs paid rent. There was no written lease but the Plaintiffs were on a month to month tenancy and had an expectation that whey would be there for an indefinite period of time.

23. The Defendant improperly and maliciously retaliated against the Plaintiffs for their exercise of their rights to FMLA Leave evicting the Plaintiff Shelley Owens while her husband was on Leave and in the hospital with a serious illness giving her only nine (9) days to leave and threatening that if she did not to fire her husband doing this in a means by which Defendants defrauded the Plaintiff of her living quarters and rents paid.

24. The Plaintiff seeks damages under the Consumer Fraud Act for loss of the enjoyment of their premises, emotional distress, lost wages, and reimbursement of their attorney's fees.

WHEREFORE, Plaintiff seeks damages against the Defendant in an amount exceeding $300,000.

Respectfully submitted,

/s/Greg Roosevelt

Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
618-656-9160
618-692-9718 Fax
gregroosevelt@gmail.com