UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY OWENS and SHELLEY OWENS, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>PRARIE STATE GENERATING COMPANY )<br>)<br>    Defendant. ) | Case No. 3:16-CV-01009-NJR-RJD |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Defendant Prairie State Generating Company ("Defendant" or "Prairie State") moves to dismiss Counts II, III, IV, and V of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, by stating as follows:

**INTRODUCTION**

Defendant Prairie State Generating Company discharged Plaintiff Timothy Owens on or about October 31, 2014. In Count I, Owens claims his discharge from employment at Prairie State was wrongful and retaliatory under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654. In each of the remaining counts, the core of Plaintiffs' theory of recovery is premised on alleged FMLA violations. These claims are preempted by the FMLA as a matter of law. Alternatively, Plaintiffs cannot allege an essential element of Counts II through V as a matter of law.

**ARGUMENT**

**I.   Counts II, III, IV, and V should be dismissed because Plaintiffs' claims in Counts II-V are preempted by Plaintiffs' FMLA claims in Claim I.**

FMLA preempts state tort claims that are premised on FMLA violations. Both the Seventh Circuit and the Illinois Supreme Court have held that state tort claims, such as

intentional infliction of emotional distress, are preempted when "the core" of a plaintiff's theory is "inextricably linked" to a separately claimed civil rights violation. *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999); *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). "[I]t would be anomalous to allow a plaintiff to bypass the limitations Congress placed on remedies for FMLA violations by permitting a common law tort claim to proceed premised solely on an FMLA violation. Allowing a plaintiff to pursue damages that are precluded by the FMLA conflicts with 'the accomplishment and execution of the full purposes and objectives of Congress.'" *Alvarez v. Hi-Temp Inc.*, No. 03 C 2610, 2004 WL 603489, at *5 (N.D. Ill. Mar. 24, 2004)(citing *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)). "[T]he FMLA provides a comprehensive remedial scheme which evinces Congress' intent to preempt a state law tort claim premised upon a FMLA violation." *Kastor v. Cash Exp. of Tennessee, LLC*, 77 F. Supp. 3d 605, 614–15 (W.D. Ky. 2015)(citing *Kiely v. Univ. of Pittsburgh Med. Ctr.*, 2000 WL 262580, at *1 (W.D. Pa. Jan. 20, 2000)). "Most federal district courts have held that the express language of the damages section of the FMLA does not contemplate compensation for emotional distress." *Harrington-Grant v. Loomis, Fargo & Co.*, No. 01C6344, 2002 WL 47152, at *6 (N.D. Ill. Jan. 11, 2002); *see also Rogers v. AC Humko Corp.*, 56 F.Supp.2d 972, 979 (W.D.Tenn.1999); *Hite v. Biomet, Inc.*, 53 F.Supp.2d 1013, 1024 n. 13 (N.D.Ind.1999); *Steck v. Bimba Mfg. Co.*, No. 96 C 7442, 1997 WL 685003, at *4 (N.D.Ill. Oct. 30, 1997). In a thorough and oft-cited opinion, Judge Gibson in the Western District of Pennsylvania compiled nearly 20 cases finding "that the FMLA provides the exclusive means of recovery for violation of rights created by the FMLA." *Hayduk v. City of Johnstown,* 580 F.Supp.2d 429, 480–87 (W.D.Pa. 2008).

Count II specifically incorporates all of the allegations of Owens' FMLA claim in Count I. Complaint at ¶ 11. Count II claims Prairie State inflicted emotional harm by contacting Timothy Owens while he was on FMLA leave and seeks damages based on his discharge. Complaint at ¶¶ 11-12. Plaintiffs' intentional infliction of emotional distress claim is preempted as a matter of law as a result.  In a case with similar facts where the plaintiff was contacted while on FMLA leave and told she was fired, the Court held that the intentional infliction of emotional distress claim ("IIED") was preempted by the FMLA and dismissed the IIED claim. *Kastor v. Cash Exp. of Tennessee, LLC*, 77 F. Supp. 3d 605, 615 (W.D. Ky. 2015).  The Court found that "a common law IIED claim would not create any additional family or medical leave rights here; rather, it would only serve to give Plaintiffs additional remedies in the form of damages for emotional distress," adding that the FMLA's savings clause at 29 U.S.C. § 2651(b) did not change the analysis. *Id*.

Federal courts applying Illinois law have similarly found IIED claims preempted when "inextricably linked" with a plaintiff's discrimination, retaliation and FMLA claims.  *Stansberry v. Uhlich Children's Home*, 264 F. Supp. 2d 681, 690 (N.D. Ill. 2003) ("The last few paragraphs [of Plaintiff's complaint] are merely conclusory allegations that plead the elements of intentional infliction of emotional distress under Illinois law. The other paragraphs solely allege conduct that is inextricably linked with Plaintiff's discrimination, retaliation and FMLA claims. [Plaintiff's] intentional infliction of emotional distress claim is therefore preempted.").

As in Count II, Plaintiffs' IIED claim in Count IV, retaliatory eviction claim in Count III, and consumer fraud in Count V, are all premised on FMLA violations pleaded in Count I. Complaint at ¶¶ 17, 19, 23.

Because Plaintiffs' state tort claims in Counts II through V are preempted by their FMLA claim in Count I, Plaintiff's claims in Count II, III, IV and V should be dismissed.

**II.   Alternatively, Dismissal of Counts II through V is Warranted Because Each Count Fails to Plead an Essential Element of the Claim.**

    **A.   Count III should be dismissed because Plaintiff Shelley Owens does not plead facts sufficient to state a claim of retaliatory eviction under Illinois law.**

The Illinois Retaliatory Eviction Act states:

> "It is declared to be against the public policy of the State for a landlord to terminate or refuse to renew a lease or tenancy of property used as a residence on the ground that the tenant has complained to any governmental authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation. Any provision in any lease, or any agreement or understanding, purporting to permit the landlord to terminate or refuse to renew a lease or tenancy for such reason is void." 765 ILCS 720/1.

"The *prima facie* elements of retaliatory eviction are that the tenant made complaints to a governmental authority, violations were found, the landlord was notified of the violations and the tenancy was terminated solely because of the tenant's complaints." *Am. Mgmt. Consultant v. Carter*, 915 N.E.2d 411, 424–25 (Ill. App. Ct. 2009)(citing *Shelby Cty. Hous. Auth. v. Thornell*, 493 N.E.2d 1109, 1111-12 (Ill. App. Ct. 1986); *Morford v. Lensey Corp.* 442 N.E.2d 933, 937–38 (Ill. App. Ct. 1982)). The Illinois Supreme Court has held that the statutory prohibition in the Retaliatory Eviction Act "can be read only as barring the right of a landlord to terminate a lease and evict a tenant in those cases where the action is undertaken in retaliation for the tenant's complaints to governmental authority regarding code violations." *Clore v. Fredman*, 319 N.E.2d 18, 22 (Ill. 1974). Retaliatory eviction is a legitimate defense to a proceeding for a forcible entry and detainer proceeding under Illinois state law. *Am. Mgmt. Consultant,* 915 N.E.2d at 424; *Wood v. Wood,* 672 N.E.2d 385, 390 (Ill. App. Ct. 1996).

Plaintiff Shelley Owens does not allege in Count III that she made complaints of any kind to a governmental authority, nor are there allegations of a forcible entry and detainer lawsuit where retaliatory eviction can be a defense. Plaintiff only alleges that she was ordered to vacate the residence on Prairie State's property where Plaintiffs were tenants and that she suffered extreme emotional upset as a result.  Plaintiff Shelley Owens therefore has failed to plead facts that state a claim for retaliatory eviction under Illinois law.

Because Plaintiffs have failed to state a claim for retaliatory eviction under Illinois law, Plaintiffs' claim in Count III should be dismissed.

> **B.** **Counts II and IV should be dismissed because Plaintiffs' claims of intentional infliction of emotional distress does not plead facts that are "extreme" or "outrageous" sufficient to satisfy the first element of the tort under Illinois law.**

In order to state a cause of action for intentional infliction of emotional distress under Illinois law, a party must allege facts which establish that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; (3) the defendant's conduct in fact caused severe emotional distress. *Zoretic v. Darge*, No. 14-2008, 2016 WL 4177213, at *4 (7th Cir. Aug. 8, 2016); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 79–80 (Ill. 2003); *Doe v. Calumet City*, 641 N.E.2d 498, 506–07 (Ill. 1994). "Such conduct must be differentiated from the mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities that are part of the costs of complex society from which the law provides no protection." *Doe*, 641 N.E.2d at 507; *see also Zoretic*, 2016 WL 4177213 at *4.

As a preliminary matter, to the extent that Plaintiffs' claims for intentional infliction of emotional distress in Counts II and IV are based on the same conduct as Prairie State's alleged FMLA violations, they are preempted by federal law as stated in Section I above.  Furthermore,

5

Illinois courts have "generally been hesitant to hold that an employer's retaliatory actions were extreme or outrageous enough to satisfy the first element of the tort of the intentional infliction of emotional distress." *Schroeder v. RGIS, Inc.*, 992 N.E.2d 509, 517–18 (Ill. App. Ct. 2013).

The facts pled by Plaintiffs in this matter do not allege conduct that gives rise to the level of "outrageousness" required for the tort of intentional infliction of emotional distress under Illinois law, when judged on an objective standard.  The Illinois Supreme Court has stated that whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case. *McGrath v. Fahey*, 533 N.E.2d 806 (Ill. 1988). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Id.* (quoting *Restatement (Second) of Torts* (1965)).

Defendant Prairie State extended temporary residence on Prairie State's grounds to certain employees such as Plaintiff Timothy Owens during the time of their employment with the Company.  As Plaintiffs acknowledge, Timothy Owens was facilities manager for Prairie State (Complaint at ¶ 3), and as such, he had the responsibility for maintaining temporary employee residences on Prairie State's properties. Plaintiffs further acknowledge that Timothy Owens was under review by Prairie State for disciplinary concerns, including his handling of the "status of houses owned by the Defendant on the plant grounds," his unpaid bills to the Company, and the theft of a Company elevator. Complaint at ¶ 7. Timothy Owens was ultimately terminated and the residences that Prairie State had made available to Timothy Owens while an employee needed to be vacated, necessitating a move from the Prairie State residence.   Plaintiff does not state that Prairie State had a formal relationship or obligation to Shelley Owens. Complaint at ¶ 22.

Plaintiff Timothy Owens claims in Count II that meetings discussing Prairie State concerns about such matters as his theft and misuse of Company property while allegedly on FMLA leave caused him severe emotional distress. Complaint at ¶¶ 11-12. Plaintiff Shelley Owens claims in Count IV that Prairie State had "total control over the Plaintiff and her living condition" and as a result of having to move, she suffered extreme and profound emotional distress. Complaint at ¶ 20.  However, the facts pled in Count IV only allege that Defendant Prairie State wanted to reclaim the property extended on behalf of their employee, Timothy Owens, and do not support Plaintiff's claim that Prairie State had "total control" over Plaintiff Shelley Owens.

It is undisputed that Prairie State, as employer of Timothy Owens, wanted the return of its property after his termination was imminent.  This conduct does not rise to the level of extreme and outrageousness necessary to claim intentional infliction of emotional distress under Illinois law simply because Shelley Owens, the wife of Prairie State employee Timothy Owens, was residing in the company-owned residence.  Seventh Circuit courts have found that even an allegedly wrongful eviction "though unpleasant and worrisome, simply is not the type of 'extreme and outrageous' conduct necessary to form the basis of an intentional infliction of emotional distress claim." *Mumm v. Wetter*, No. 05 C 6149, 2006 WL 163151, at *2 (N.D. Ill. Jan. 20, 2006).

Counts II and IV should be dismissed because Plaintiffs have failed to state a claim for intentional infliction of emotional distress under Illinois law.

    **C.**    **Count V should be dismissed because Plaintiffs do not plead facts sufficient to state a claim for consumer fraud under Illinois law.**

The Illinois Supreme Court has stated that the elements of a claim under the Illinois Consumer Fraud Act are:  (1) a deceptive act or practice by the defendant; (2) the defendant's

7

intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce. *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). "The complaint must state with particularity and specificity the deceptive manner of defendant's acts or practices, and the failure to make such averments requires the dismissal of the complaint." *Id*. at 961 (citing *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584 (Ill. 1996)).

There are no facts pleaded by Plaintiffs that "state with particularity and specificity the [allegedly] deceptive manner of defendant's acts," and therefore, Count V must be dismissed because it fails to state a claim for consumer fraud under Illinois law. Plaintiffs make the bald assertion that "they had an expectation that they would [reside on Defendant's property] for an indefinite period of time." Complaint at ¶ 22. Plaintiffs next claim that Defendant "improperly and maliciously retaliated" based on alleged FMLA violations and gave Plaintiff Shelley Owens nine days to leave the property, making the broad, conclusory allegation that Defendants were "doing this in a means by which Defendants defrauded the Plaintiff of her living quarters and rents paid." Complaint at ¶ 23. Plaintiffs fail to plead specific facts as to how Defendant's acts were deceptive and "defrauded the Plaintiff of her living quarters and rents paid." Complaint at ¶ 23. "Without such specificity and particularity, the complaint fails to state a violation of consumer fraud." *Connick*, 675 N.E.2d at 594. Furthermore, to the extent Plaintiffs' claim in Count V is based on FMLA violations, the state claim is preempted by federal law under the theory espoused in Section I.

Because Plaintiffs fail to state a violation of consumer fraud under Illinois law, and therefore, Count V should be dismissed.

8

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts II through V of Plaintiffs' Complaint.

Respectfully submitted,

HESSE MARTONE, P.C.

By:     */s/ Andrew J. Martone*
Andrew J. Martone, #6203524
Matthew B. Robinson, #6283854
Gilbert B. Williams, #66322881
13354 Manchester Road, Suite 100
St. Louis, MO 63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
mattrobinson@hessemartone.com
gilwilliams@hessemartone.com

*Attorneys for Defendant Prairie State Generating Company*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served upon the following using the CM/ECF system, this 26th day of October, 2016, to:

Greg Roosevelt
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
gregroosevelt@gmail.com

*Attorneys for Plaintiffs
Timothy Owens and Shelley Owens*

    */s/ Andrew J. Martone*