UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY OWNES and SHELLEY OWENS,

    Plaintiffs,

        v.

PRAIRIE STATE GENERATING COMPANY,

    Defendant.

Case No. 16-cv-01009-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion (Doc. 14) to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs filed a timely response (Doc. 24).

1. **Background**.

According to the complaint, plaintiff Timothy Owens was employed by the defendant as a facilities manager in 2012. In 2014, Mr. Owens was placed on leave in accordance with the Family and Medical Leave Act ("FMLA") due to the death of his brother and the serious illness of his son. Mr. Owens alleges that his FMLA leave did not expire until November 1, 2014; however, he was terminated in violation of FMLA on October 31, 2014.

2. **Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

3. **Analysis.**

In their response, the plaintiffs request leave to amend their complaint and voluntarily dismiss Count V and to plea other counts more sufficiently. Courts should freely give leave to amend when justice so requires. Fed.R.Civ. P. 15(a)(2). In this early stage of litigation, the Court believes that the most efficient resolution to some of the issues raised in the defendant's motion to dismiss would be to allow the plaintiffs leave to amend their complaint thus making the defendant's motion to dismiss moot. Once the amended complaint is filed, the defendants can again move to dismiss the amended pleading, if appropriate.

4. **Conclusion**.

Therefore, Plaintiffs are **GRANTED** leave to amend their complaint. The amended complaint is due on or before **January 23, 2017**. Pursuant to Federal Rules of Civil Procedure 15(a)(3), the Defendant is required to respond to the amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Defendant's Motion (Doc. 14) to Dismiss is **MOOT.**

**IT IS SO ORDERED.**

**DATED:** 12/20/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
