# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY OWNES and SHELLEY OWENS, <br><br> Plaintiffs, <br><br> v. <br><br> PRAIRIE STATE GENERATING COMPANY, <br><br> Defendant. | Case No. 16-cv-01009-JPG-RJD |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Partial Motion (Doc. 38) to Dismiss Plaintiffs' Amended Complaint (Doc. 36) pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs filed a timely response (Doc. 41) and the defendant filed a reply (Doc. 45).[1]

1. **Background**.

According to the complaint, plaintiff Timothy Owens was employed by the defendant as a facilities manager in 2012. In 2014, Mr. Owens was placed on leave in accordance with the Family and Medical Leave Act ("FMLA") due to the death of his brother and the serious illness of his son. Mr. Owens alleges that his FMLA leave did not expire until November 1, 2014; however, he was terminated in violation of FMLA on October 31, 2014.

The Amended Complaint alleges the following: Count I alleges a violation of FMLA; Count II alleges intentional infliction of emotional distress with regard to Tim Owens; Count III alleges intentional infliction of emotional distress with regard to Shelley Owens; and Count IV alleges retaliatory eviction.

---

1 Defendant motioned and was granted leave to file a reply stating exceptional circumstances as required by Local Rule 7.1 (Doc. 43).

Defendant now moves to dismiss Counts II through IV arguing that the claims are preempted by the plaintiffs' FMLA claim in Count I.

2. **Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

3. **Analysis.**

The plaintiffs' response moves to dismiss Count IV. As such, the Court will not address defendant's arguments with regard to Court IV and Count IV is dismissed without prejudice.

Defendants argue that Count II and III are preempted by the FMLA as a matter of law. FMLA's remedial provision only allows recovery of, "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the [FMLA] violation." 29 U.S.C. § 2617(a)(l)(A)(i)(I). As such, defendants argue that FMLA preempts any claim that is

based solely on conduct made actionable by the FMLA.

The courts have held that, "whether the circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). "The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; 'that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish' the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006).

In this case, the intentional infliction of emotional distress counts separately allege conduct that falls outside of FMLA – namely, the alleged wrongful eviction of the plaintiffs from their home. However, there are also allegations within these counts that fall within FMLA and those allegations are preempted. Specifically, the initial paragraph in Count II realleging paragraphs 1 through 10 of Count I and paragraphs 19, 20, 21 & 22, and in Count III, the initial paragraph realleging paragraphs 1 through 10 of Count I and paragraphs 19, 20, 21 & 22 of Count II are preempted.

4. **Conclusion**.

Based on the above, Defendant's Partial Motion (Doc. 38) to Dismiss Plaintiffs' Amended Complaint (Doc. 36) pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** in part and **DENIED** in part. Count IV is **DISMISSED** without prejudice. Summary judgment is **GRANTED** in part with regard to Counts II and III as follows: the initial paragraph in Count II

realleging paragraphs 1 through 10 of Count I, and paragraphs 19, 20, 21 & 22 and in Count III, the initial paragraph realleging paragraphs 1 through 10 of Count I and paragraphs 19, 20, 21 & 22 of Count II are preempted by FMLA and are **STRICKEN** from the pleading. However, Counts II and III may proceed on the remaining allegations.

    **IT IS SO ORDERED.**

    **DATED:** 4/11/2017

                                        *s/J. Phil Gilbert*
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**