UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY OWENS and SHELLEY OWENS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:16-CV-01009-JPG-RJD |
| ) | |
| PRAIRIE STATE GENERATING COMPANY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S AMENDED ANSWER AND DEFENSES TO
FIRST AMENDED COMPLAINT AND COUNTERCLAIM[1]**

Defendant Prairie State Generating Company ("Defendant" or "Prairie State") amends its answer by responding to Counts II and III following this Court's April 12, 2017 Memorandum and Order [doc#55] partially denying Defendant's Motion to Dismiss those counts, by stating:

**Count I**

1. Prairie State lacks knowledge or information sufficient to form a belief of the truth or falsity of the allegations of Paragraph 1 of Plaintiffs' First Amended Complaint and relies on the deemed denial of these allegations pursuant to Federal Rule of Civil Procedure 8(c)(5).

2. Defendant denies that it operates an electrical power generating plant in St. Clair County, Illinois. Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

3. Prairie State admits it hired Timothy Owens as a Facility Manager in December 2011. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint.

---
[1] This Answer is filed as of right pursuant to Federal Rule of Civil Procedure to provide Defendant's response to Counts II and III. Defendant did not revise any other portions of its previous answer and counterclaims.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint.

**Count II**

11. Defendant admits that the Plaintiffs signed a lease for 4180 Clover Road effective January 1, 2011. Defendant denies the remaining allegations of this paragraph.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint.

13. Prairie State lacks knowledge or information sufficient to form a belief of the truth or falsity of the allegations of Paragraph 13 of Plaintiffs' First Amended Complaint and therefore relies on the deemed denial of those allegations pursuant to Federal Rule of Civil Procedure 8(c)(5).

14. Prairie State lacks knowledge or information sufficient to form a belief of the truth or falsity of the allegations of Paragraph 14 regarding Shelley Owens' back surgeries and lifting capability and therefore relies on the deemed denial of those allegations pursuant to

Federal Rule of Civil Procedure 8(c)(5). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint.

16. Defendant admits that Defendant was aware that Plaintiffs had a son who suffered a brain aneurism and was recovering, with the assistance of Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief of the truth or falsity of the allegations of Paragraph 16 of Plaintiffs' First Amended Complaint and therefore relies on the deemed denial of those allegations pursuant to Federal Rule of Civil Procedure 8(c)(5).

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint.

19. Paragraph 19 of Plaintiffs' First Amended Complaint was stricken by the Court's April 12, 2017 Memorandum and Order [doc#55].

20. Paragraph 20 of Plaintiffs' First Amended Complaint was stricken by the Court's April 12, 2017 Memorandum and Order [doc#55].

21. Paragraph 21 of Plaintiffs' First Amended Complaint was stricken by the Court's April 12, 2017 Memorandum and Order [doc#55].

22. Paragraph 22 of Plaintiffs' First Amended Complaint was stricken by the Court's April 12, 2017 Memorandum and Order [doc#55].


## Count III

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint.

## Count IV

Count IV of Plaintiffs' First Amended Complaint was dismissed by the Court's April 12, 2017 Memorandum and Order [doc#55].

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief set forth in their Complaint.  Defendant further denies that it is liable to Plaintiffs in any manner.

## **JURY TRIAL DEMAND**

Defendants demand a jury trial by the maximum number of jurors provided by law with respect to each issue triable by a jury pursuant to Federal Rule of Civil Procedure 38(b).

## **DEFENSES**

A.     Subject to a reasonable opportunity for investigation and discovery, some of Plaintiffs' claims and/or damages may be barred by the doctrine of after-acquired evidence.

B.     Subject to a reasonable opportunity for investigation and discovery, Plaintiffs have failed to mitigate his alleged damages.

C.     Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted.

D.  Plaintiffs' damages are limited by all applicable statutory caps and Plaintiffs' damages are otherwise barred by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.

E.  Plaintiffs' claims for damages, including liquidated damages, are barred or limited by the FMLA, United States Constitution, the Illinois Constitution, and all other applicable laws.

F.  Subject to a reasonable opportunity for investigation and discovery, Plaintiffs' claims for damages may be barred or limited by the doctrines of waiver, laches, estoppel, and/or unclean hands.

G.  At all times, Defendant exercised good faith in its employment practices with regard to Plaintiff Timothy Owens and had reasonable grounds for its actions.

H.  Defendant had legitimate, nondiscriminatory business reasons for any employment actions with regard to Plaintiff Timothy Owens, those actions were unrelated to any exercise of his rights pursuant to the FMLA, or any other unlawful basis, and it would have taken the same action regardless of any protected conduct.

I.  Plaintiffs' request for liquidated damages is barred or otherwise limited by Defendant's good faith, and its objectively reasonable belief that any act or omission on its part did not violate the FMLA.

J.  Plaintiffs' request for liquidated damages is barred or otherwise limited by the steps that Defendant took to comply with the FMLA.

K.  Defendant would have made the same decisions and taken the same actions for legitimate business reasons, regardless of any protect activity and/or allegedly unlawful motivation.

L.  Defendant's actions with regard to Plaintiffs were justified as a matter of law.

M.  Plaintiffs are not entitled to an award of attorney's fees and/or costs.

N. Plaintiffs' own conduct, as well as other conduct and events, contributed in whole or in part to Plaintiffs' alleged damages.

O. Superseding and intervening causes, over which Defendant had no control, caused or contributed to Plaintiffs' alleged damages, thus relieving Defendant from any liability for damages.

P. Plaintiffs were not treated any differently than any other employee because of any classification protected by law.

Q. Defendant's policies, practices, procedures, and/or conduct with regard to Plaintiffs were justified as a matter of law.

R. Defendant is entitled to a set off or credit against any amounts Plaintiffs may be awarded.

WHEREFORE, Defendant respectfully requests that Plaintiffs take nothing by way of his Complaint, that this matter be dismissed in its entirety, that judgment be entered in Defendant's favor, that Defendant be awarded the costs incurred in its defense of this matter, and that Defendant be granted all other relief deemed necessary and appropriate by the Court.

## COUNTERCLAIM AGAINST TIMOTHY OWENS

Counterclaim-Plaintiff Prairie State Generating Company ("Prairie State") asserts its Counterclaim against Counterclaim-Defendant Timothy Owens by stating as follows:

### Parties, Jurisdiction and Venue

1. Counterclaim-Defendant Timothy Owens is a resident of O'Fallon, St. Clair County, Illinois.

2. Counterclaim-Plaintiff Prairie State is an Illinois Limited Liability Company with its principal place of business in Marissa, Washington County, Illinois.

3. This Court has personal jurisdiction over Timothy Owens.

4. This Court has supplemental subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Facts Common to All Counts**

6. Counterclaim Defendant Timothy Owens worked as a Facilities Manager for Prairie State from December 19, 2011 until his discharge effective October 31, 2014.

7. As Facilities Manager at Prairie State, Timothy Owens had primary responsibility to manage and maintain all Prairie State property, which includes all Prairie State rental property.

8. Prairie State rental property is available to lease as an incentive and benefit to Prairie State employees who have been approved and authorized by Prairie State to lease Prairie State property and who have signed a lease with Prairie State and provided a security deposit for the lease.

9. Counterclaim Defendant Timothy Owens exploited his position as Prairie State's Facilities Manager for his own benefit by misappropriating Prairie State's properties at 5744 Biddleborn and at 2953 Marigold Road for his own benefit, to the detriment of Prairie State.

10. On October 28, 2010, Timothy Owens signed a lease with Prairie State for the tenancy of Timothy and Shelley Owens on the Prairie State rental property at 4180 Clover Road, Marissa, Illinois 62257 for a term of one year, from January 1, 2011 to January 1, 2012, then month-to-month thereafter.

11. Prairie State requires that its employees who rent Prairie State's rental property sign a promissory note authorizing that monthly rental payments be deducted directly from employee's paycheck by payroll deduction.

12. On May 21, 2013, Timothy Owens signed a promissory note authorizing the monthly rental payment of $500 for the 4180 Clover tenancy to be deducted directly from Owens' paycheck by payroll deduction.

13. On or before August 2014, Timothy Owens made arrangements for Shelley Owens to move into a separate Prairie State rental property at 5744 Biddleborn, Marissa, Illinois 62257.

14. On or before August 2014, Shelley Owens moved into the Prairie State rental property at 5744 Biddleborn.

15. Timothy Owens maintained residence at 4180 Clover during Shelley Owens move into the separate Prairie State property at Biddelborn.

16. When Prairie State management asked about Ms. Owens living in a separate property, Timothy Owens stated it was authorized and that there was a lease for the Prairie State property at 5744 Biddleborn.

17. However, Prairie State could not locate a written lease for 5744 Biddleborn and discovered that no one at Prairie State authorized Ms. Owens' residing at 5744 Biddleborn.

18. Neither Timothy Owens nor Shelley Owens made rental payments on the property at 5744 Biddleborn.

19. Rochelle Schwankhaus, an employee of Prairie State, was a personal friend of Timothy Owens.

20. On or before March 27, 2014, Timothy Owens made arrangements for Rochelle Schwankhaus to move into a Prairie State rental property at 2953 Marigold Road, Marissa, Illinois 62257.

21. On or about March 27, 2014, Rochelle Schwankhaus moved into the Prairie State rental property at 2953 Marigold Road.

22. When Prairie State management asked about Ms. Schwankhaus' property arrangements at 2953 Marigold, Timothy Owens stated that there was a lease for the Prairie State property at 2953 Marigold.

23. However, Prairie State could not locate a written lease for 2953 Marigold, and discovered that no rental payments were made on the property at 2953 Marigold.

24. After Timothy Owens went on medical leave on September 23, 2014, Mike Slade assumed Owens' facilities management responsibilities, which included management of Prairie State rental properties.

25. On or about September 23, 2014, Mike Slade reviewed the Prairie State rental property leases that had been managed by Timothy Owens.

26. On or about September 23, 2014, Mike Slade discovered that there was no valid lease for Prairie State rental properties at 5744 Biddleborn and at 2953 Marigold Road

27. On or about September 30, 2014, Prairie State told Timothy Owens the 5744 Biddleborn and 2953 Marigold Road properties must be vacated within two weeks.

28. On October 20, 2014, the Prairie State properties at 5744 Biddleborn and at 2953 Marigold Road were not vacated.

29. From August 2014, or before, until on or about October 20, 2014, Timothy Owens misappropriated possession of the 5744 Biddleborn property from Prairie State.

30. From March 27, 2014, until on or about October 20, 2014, Timothy Owens misappropriated possession of the 2953 Marigold Road property from Prairie State

31. Prairie State did not collect rents on the property at 5744 Biddleborn to which Prairie State was entitled, nor did Prairie State have possession of the 5744 Biddleborn property during the months of August 2014, September 2014, and the month of October until at least October 20, 2014.

32. Prairie State did not collect rents on the property at 2953 Marigold Road to which Prairie State was entitled, nor did Prairie State have possession of the 2953 Marigold Road property from March 27, 2014 until at least October 20, 2014.

### Count I
### Breach of Fiduciary Duty

33. During his employment with Prairie State, Counterclaim Defendant Timothy Owens had a duty to act in the best interests of Prairie State and with good faith and loyalty, including a duty to disclose pertinent and vital information to Prairie State.

34. Counterclaim Defendant Timothy Owens' faithfulness as an employee of Prairie State has been brought into question because of his actions in regard to the Prairie State rental properties at 5744 Biddleborn and at 2953 Marigold Road.

35. Under Illinois law, Counterclaim Defendant Timothy Owens has the burden of proving "full honesty and loyalty" in his actions in regard to the Prairie State rental properties at 5744 Biddleborn and at 2953 Marigold Road.

36. Counterclaim Defendant Timothy Owens exploited his position as Prairie State's Facilities Manager for his own benefit by misappropriating Prairie State's properties at 5744 Biddleborn and at 2953 Marigold Road for his own benefit, to the detriment of Prairie State.

37. Timothy Owens concealed the fact that the properties at 5744 Biddleborn and 2953 Marigold Road property did not have a valid signed lease from Prairie State so that he would gain the unauthorized use of the 5744 Biddleborn property for his wife Shelley Owens and unauthorized use of the 2953 Marigold Road for his personal friend.

38. During his employment at Prairie State, Counterclaim Defendant Timothy Owens engaged in improper action or wrongful conduct without privilege and in breach of his fiduciary duties owed to Prairie State.

10

39. Counterclaim Defendant Timothy Owens acted with knowledge of his duties owed to Prairie State and acted in breach of his duties purposely and with malice.

40. Counterclaim Defendant Timothy Owens' wrongful conduct constitutes a breach of his fiduciary duties to Prairie State and has proximately caused damage to Prairie State.

41. Counterclaim Defendant Timothy Owens' conduct was outrageous because of his reckless indifference to Prairie State's rights.

WHEREFORE, Counterclaim Plaintiff Prairie State respectfully requests that this Court enter judgment in its favor and against Counterclaim Defendant Timothy Owens in an amount sufficient to compensate Prairie State for damages relating to the misappropriated use of the 5744 Biddleborn property and of the 2953 Marigold property, punitive damages, pre- and post-judgment interests, and such other relief as the Court may deem just and appropriate.

## Count II
## Conversion

42. Counterclaim Plaintiff hereby incorporates and realleges as if fully restated herein its allegations contained in Paragraph Nos. 1 through 41, inclusive, of its Counterclaim, above.

43. Prairie State has an absolute and unconditional right to immediate possession of its property that is not authorized for lease to another party by Prairie State.

44. Timothy Owens, wrongfully and without authorization, assumed possession of the Prairie State property at 5744 Biddleborn during the months of August 2014, September 2014, and the month of October until at least October 20, 2014 and thereby caused Prairie State damages.

45. Timothy Owens, wrongfully and without authorization, assumed possession of the Prairie State property at 2953 Marigold Road from March 27, 2014 until at least October 20, 2014.

WHEREFORE, Counterclaim Plaintiff Prairie State respectfully requests that this Court enter judgment in its favor and against Counterclaim Defendant Timothy Owens in an amount sufficient to compensate Prairie State for its damages relating to the misappropriated use of the 5744 Biddleborn property and of the 2953 Marigold property, and such further relief as the Court deems just and appropriate.

### Count III
### Unjust Enrichment

46.     Counterclaim Plaintiff hereby incorporates and realleges as if fully restated herein its allegations contained in Paragraph Nos. 1 through 45, inclusive, of its Counterclaim, above.

47.     Timothy Owens, by his control and possession of the Prairie State properties at 5744 Biddleborn and at 2953 Marigold Road, without authorization or contract, unjustly retained the benefit of Prairie State's property to Prairie State's detriment.

48.     Timothy Owens maintained control and possession of Prairie State property while misrepresenting to Prairie State the authorization for such control and possession.

49.     Timothy Owens retention of the benefit of the Prairie State property, while misrepresenting to his employer the status of the property, violated fundamental principles of justice, equity, and good conscience and caused Prairie State damages.

50.     Under Illinois law, unjust enrichment is recognized as an independent cause of action.

WHEREFORE, Counterclaim Plaintiff Prairie State respectfully requests that this Court enter judgment in its favor and against Counterclaim Defendant Timothy Owens in an amount sufficient to compensate Prairie State for its damages for the misappropriated use of the 5744 Biddleborn property and of the 2953 Marigold property, and for such further and additional relief as the Court deems just and appropriate.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:    */s/ Gilbert B. Williams*
Andrew J. Martone, #6203524
Gilbert B. Williams, #66322881
Matthew B. Robinson, #6283854
13354 Manchester Road, Suite 100
St. Louis, MO 63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
mattrobinson@hessemartone.com
gilwilliams@hessemartone.com

*Attorneys for Defendant and Counterclaim-Plaintiff Prairie State Generating Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court and served upon the following using the CM/ECF system on this 20th day of April, 2017, to:

Greg Roosevelt
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
gregroosevelt@gmail.com

*Attorneys for Plaintiffs
Timothy Owens and Shelley Owens*

   */s/ Gilbert B. Williams*