United States District Court
Southern District of Illinois

| | |
|---|---|
| Timothy Owens and Shelley Owens, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:16-CV-01009-JPG-RJD |
| v. ) | |
| ) | |
| Prairie State Generating Company, ) | **ORAL ARGUMENT REQUESTED** |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT PRAIRIE STATE GENERATING COMPANY'S SUMMARY JUDGMENT MOTION

Defendant Prairie State Generating Company ("**Prairie State**") moves for summary judgment on Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56, by stating:

1. Summary judgment is appropriate on Plaintiff Timothy Owens' Family Medical Leave Act claims because Plaintiff Timothy Owens received all of the leave to which he was entitled and he was denied reinstatement due to performance problems discovered while he was on FMLA leave when his supervisor was performing Mr. Owens' job.

2. Summary judgment is appropriate on Plaintiffs' intentional infliction of emotional distress claims because Prairie State ordered that Plaintiff Shelley Owens vacate one of two properties she was occupying on Prairie State's campus because she was not paying rent and did not have a lease on the second property.

3. Plaintiffs' First Amended Complaint ("**Plaintiffs' Complaint**") contains three claims: (1) FMLA interference for interviewing and discharging Plaintiff

1

Timothy Owens while he was allegedly still taking FMLA leave; (2) FMLA discrimination/retaliation for discharging Plaintiff Timothy Owens' employment allegedly in retaliation for his taking FMLA leave; and (3) intentional infliction of emotional distress against both Plaintiffs for allegedly evicting them from Prairie State-owned rental property at an inopportune time.

    4.    Defendant moves for summary judgment on all of Plaintiffs' claims because Plaintiffs cannot establish essential elements of any of the claims.

    5.    If the Court grants Summary Judgment in favor of Defendant on Plaintiffs' claims, Defendant requests that the Court decline to exercise supplemental jurisdiction over Defendant's counterclaims (which all arise under state law).

    6.    Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

    7.    Count I of Plaintiffs' Complaint claims Prairie State interfered with Plaintiff Timothy Owens' FMLA leave.

    8.    However, the undisputed evidence shows that Plaintiff Timothy Owens received all of the FMLA leave to which he was entitled.

        a.    Prairie State approved FMLA leave until he was ready to return to work from drug rehabilitation.

      b.     Timothy Owens was released from drug rehabilitation on October 22, 2014 <u>and he asked to return to work no later than October 27, 2014,</u> writing "When do I get to come back to work? I'm chewing the paint off my walls."

      c.     Prairie State informed Plaintiff that he was to remain off work without pay pending an investigation of his misconduct and, ultimately, determined that Plaintiff's misconduct warranted discharge.

9.     Count I of Plaintiffs' Complaint also asserts Prairie State discriminated against Plaintiff Timothy Owens for exercising FMLA rights.

10.     However, the undisputed evidence shows that Prairie State discharged Timothy Owens for legitimate reasons and Plaintiff does not have any evidence suggesting a discriminatory motive.

11.     Instead, the evidence shows Prairie State repeatedly encouraged Timothy Owens to take FMLA leave and has a history of reinstating employees who take FMLA leave.

12.     Mr. Owens was not reinstated because his supervisor took over his job duties and discovered very serious abuse of his position and other performance issues and Mr. Owens was not honest about these issues.

13.     Prairie State's honest belief Mr. Owens engaged in misconduct prevents Mr. Owens from establishing a FMLA discrimination claim.

14. Counts II and III of Plaintiffs' Complaint allege intentional infliction of emotional distress from Prairie State evicting Ms. Owens while Mr. Owens was in drug rehabilitation.

15. However, the evidence shows the Owens were occupying two Prairie State properties – one legitimately with a written lease and rent payments and the other without rent and without a lease.

16. Prairie State acted with legitimate reasons in evicting Ms. Owens from one of the two Prairie State properties she was inhabiting and it was not extreme or outrageous to do so.

17. Defendant has contemporaneously filed a memorandum supporting this Motion and incorporates the contents of the Memorandum into this Motion as if fully set forth herein.

18. Defendant requests oral argument on this Motion to assist the Court to understand the facts of this case and any alleged dispute about those facts.

WHEREFORE, Defendant respectfully requests an order granting summary judgment in its favor and against Plaintiffs on all of their claims, assuming summary judgment is so entered, declining supplemental jurisdiction on Defendant's counterclaims, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By: /s/ Matthew B. Robinson
Andrew J. Martone, #6203524
Matthew B. Robinson, #6283854
Gilbert B. Williams, #66322881
13354 Manchester Road, Suite 100
St. Louis, MO 63131
(314) 862-0300 – Telephone
(314) 862-7010 – Facsimile
andymartone@hessemartone.com
mattrobinson@hessemartone.com
gilwilliams@hessemartone.com

*Attorneys for Defendant and Counterclaim-Plaintiff Prairie State Generating Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on October 6, 2017 via electronic mail and U.S. Mail, first class postage prepaid upon the following to:

Greg Roosevelt
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
gregroosevelt@gmail.com

*Attorneys for Plaintiffs*
*Timothy Owens and Shelley Owens*

/s/ Matthew B. Robinson

5